## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

   Plaintiff,

   v.

                                  Civil Action No.:  SAG-23-63

STATE OF MARYLAND,
ATTORNEY GENERAL
  ANTHONY BROWN,

   Defendants.

### MEMORANDUM AND ORDER

On January 9, 2023, this court received the above-entitled complaint filed by self-represented plaintiff Alexander Jiggetts.  Mr. Jiggetts did not pay the filing fee, nor has he included a motion to proceed in forma pauperis with his filing but includes a request for appointment of counsel[1] and for recusal of the undersigned judge.  Because the complaint is frivolous, it must be dismissed.

Mr. Jiggetts is suing Maryland's Attorney General for the right to practice law without a license.  He explains that he intends to open a non-profit organization for the purpose of providing free legal advice to prisoners and people who cannot afford an attorney.  Additionally, he states that this organization would assist people who have been released from prison by providing them with cash, housing, and other resources so they will not succumb to the "harsh street life."  ECF 1 at 1.  Mr. Jiggetts asserts that he is qualified to run such an organization by virtue of his "experiences in the streets," his diploma, and his "knowledge of how the state and Federal courts work."  *Id*.  In Mr. Jiggetts' view, he has a First Amendment right to give legal advice without being licensed to practice law.  *Id*. at 2.

---

[1]      The request for appointment of counsel is denied.

Mr. Jiggetts includes a letter addressed to Chief Judge Bredar asking that both Judge Rubin and the undersigned judge be excluded from assignment to this case.  ECF 1-1.  The basis for his request for recusal is his belief that female judges cannot be impartial when reviewing his claims because of "allegiance to women's rights" and past decisions dismissing his complaints.  *Id*.  Recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party.  28 U.S.C. § 144.  A motion for recusal must also be accompanied by a certificate stating that the motion is made in good faith.  Another section of the code, 28 U.S.C. § 455, requires a federal judge to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned."  Any alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case."  *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  Due process may sometimes demand recusal even when a judge has no actual bias if, for instance, "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable."  *See Rippo v. Baker*, 580 U.S. 285, 137 S.Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  Mr. Jiggetts' request for recusal does not include any cognizable basis; his own personal bias against female jurists, while unfortunate, will not be accommodated by this court.  His request is denied.

This court recognizes its obligation to liberally construe pleadings filed by self-represented parties.  *See Ericson v. Pardus*, 551 U.S. 89, 94 (2007).  Liberal construction, however, does not mean this court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990), *see also Beaudett v. City of Hampton*, 775 F.2d, 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Assuming Mr. Jiggetts' intention to start a non-profit organization for the purposes he states is true, his First Amendment claim fails. As Mr. Jiggetts notes, he has filed a lawsuit similar to this one in the past which was dismissed for failure to state a claim. *See Jiggetts v. State of Md., et al.*, Civil Action SAG-19-3093 (D. Md. 2019). The State of Maryland, like all other states in this country, regulates the practice of law and sets standards for admission to the bar. *See* Md. Code Ann., Bus. Occup. & Prof. §10-207. Among those requirements for admission are a "degree of juris doctor or its equivalent from a law school" and passing "a written examination." *Id.* The "State has a legitimate interest in regulating admission to the Bar through imposing licensing standards to insure professional competence." *Pettit v. Gingerich*, 427 F. Supp. 282, 290 (D. Md. 1977), *see also Schware v. Bd. Of Bar Examiners*, 353 U.S. 232, 239 (1957). "The goal of the prohibition against unauthorized practice [of law] is to protect the public from being preyed upon by those not competent to practice law – from incompetent, unethical, or irresponsible representation." *Turkey Pt. Prop. Owner's Ass'n, Inc. v. Anderson*, 106 Md. App. 710, 717, 666 A.2d 904, 908 (1995), quoting *In re Application of R.G.S.*, 312 Md. 626, 638, 541 A.2d 977 (1988), *see also Finch v. LVNV Funding LLC*, 212 Md. App. 748, 755, 71 A.3d 193, 197 (2013) (judgment obtained through unauthorized practice of law is void).

Mr. Jiggetts' reliance on *Upsolve, Inc. v. James*, __ F. Supp.3d __, 2022 WL 1639554 (S.D. N.Y. 2022) is misplaced. That case involved an existing non-profit organization with written procedures detailing how non-lawyers would be trained to advise people on a specific area of the

law (debt collection) and whether that activity constituted the practice of law under New York law. Here, Mr. Jiggetts provides only a vague, passing reference to the people he intends to target for any future non-profit organization he may create without describing the matters to be addressed, measures to be taken to ensure the advice is correct, or whether there will be a member of the bar involved in the operation of the organization. Nor can Mr. Jiggetts provide such a description as the asserted organization does not yet exist.

Mr. Jiggetts believes Maryland's requirements for the lawful practice of law are an infringement on free speech and therefore violate his First Amendment rights. He is, however, mistaken. Freedom of speech is not an unfettered right that the States may never restrict or regulate. *See Recht v. Morrisey*, 32 F.4th 398, 412-13 (4th Cir. 2022) (State has substantial interest in protecting public from misleading commercial speech); *Fusaro v. Cogan*, 930 F.3d 241, 244 (4th Cir. 2019) (noting that government regulation of commercial speech and professional conduct are not subject to strict scrutiny under the First Amendment); *Keller v. St. Bar of Cal.*, 496 U.S. 1, 13-16 (1990) (First Amendment right of free speech is not violated when State Bar uses compulsory dues to regulate the legal profession or improve quality of legal services). To engage in the unlawful practice of law is not protected speech and the First Amendment does not require its accommodation. The analysis does not change when the goal is to provide free legal assistance to those who cannot afford legal fees. While his underlying purpose may be laudable, Mr. Jiggetts' lawsuit seeking exception from Maryland's requirements for practicing law must fail.

Accordingly, it is this 11th day of January, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's requests for appointment of counsel and for recusal ARE DENIED;

2. The complaint IS DISMISSED for failure to state a claim;

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.


                                                _____/s/_____

                                                Stephanie A. Gallagher
                                                United States District Judge